OLAF MALMSTEN v. THE MARQUETTE, HOUGHTON & ONTO-NAGON RAILROAD COMPANY.

*Negligent injury—Identification of passenger with carrier.*

The rule which makes a traveler on a public highway guilty of contributory negligence if he does not exercise a certain degree of care, caution and judgment before crossing a railway track, was *held* inapplicable in a case where a woman who had just been landed from a steamboat upon a long pier on which there were about two hundred persons, was run over by a train of freight cars, loaded with iron and running down a heavy grade upon the wharf, without any locomotive. *Held, moreover,* that the facts were sufficient to show gross negligence in the railway company, and that the negligence of the steamboat company, if any, did not relieve it from responsibility.

A passenger who has just landed from a steamboat is not so identified with the steamboat company as to make the company solely liable for an injury suffered by the passenger from another quarter immediately afterwards.

Error to Marquette. Submitted June 22. Decided Oct. 4.

CASE. Defendant brings error. Affirmed.

*W. P. Healy* for appellant. In crossing railroad tracks, a woman is not excused for the want of ordinary care when

exposing one's self to known and obvious perils: *Hassenyer v. M. C. R. R.* 48 Mich. 205; and there can be no recovery for an injury so caused if the negligence of the person injured contributed to it: *Penn. Co. v. Sinclair* 62 Ind. 301; *Kelly v. Hendrie* 26 Mich. 255; *Baxter v. Troy & Boston R. R.* 41 N. Y. 502; *Bellefontaine R. R. v. Hunter* 33 Ind. 335; *Railroad Co. v. Houston* 95 U. S. 697; *Wilcox v. Railroad Co.* 39 N. Y. 358; *Marq. H. & Ont. R. R. Co. v. Handford* 39 Mich. 537; *Det. & Milw. R. R. v. Van Steinburg* 17 Mich. 127; *Bancroft v. Railroad Co.* 97 Mass. 275; those managing trains cannot be made to stop them whenever any one is seen on the track, *especially at points where many persons are passing upon and crossing the same: Terre Haute etc. R. R. Co. v. Graham* 46 Ind. 245; nor is a flag-man necessary in such a case as the present: *Culhane v. N. Y. C. R. R. Co.* 60 N. Y. 133; the rate of speed is not evidence of wanton negligence: *Com. v. Fitchburg R. R.* 126 Mass. 472; a person in a conveyance is so identified with the driver that he cannot recover if injured by an accident to which the driver's negligence contributed: *Lake Shore & Mich. South. Rd. v. Miller* 25 Mich. 274; *Payne v. Railroad Co.* 39 Ia. 523; *Lockhart v. Lichtenthaler* 46 Penn. St. 151; *Allyn v. B. & A. R. R. Co.* 105 Mass. 79; *Thorogood v. Bryan* 8 C. B. 115; *Otis v. Janesville* 47 Wis. 422; *Bridge v. Grand Junction Ry. Co.* 3 M. & W. 247; the measure of duty of the carrier company is extraordinary care; that of the non-carrying company is merely ordinary care according to the circumstances: *Phila. & Reading R. R. Co. v. Boyer* 97 Penn. St. 91–100.

*F. O. Clark* and *G. W. Hayden* for appellee. An owner of dangerous property who invites others upon it, is responsible for all accidents which happen through want of proper care: *Lake Superior Iron Co. v. Erickson* 39 Mich. 502, 503; wharf owners and their agents, so long as they keep the wharf open and occupied or rented, for the business of loading and dispatching vessels, are bound to all whom the proffered facilities bring there, to use care, to

keep the wharf and its approaches in good condition: *Campbell v. Portland S. Co.* 62 Me. 552 : 16 Am. Rep. 503 ; a railroad company negligently left its depot platform in a defective condition; a hackman while carrying a passenger to the depot for transportation stepped without fault into a cavity in the platform, and was injured; *held*, that the company was liable, and the liability was the same, notwithstanding the platform was within the limits of the highway : *Tobin v. P. S. & P. R. R. Co.* 59 Me. 183 : 8· Am. Rep. 415 ; *Toledo W. & W. R. R. Co. v. Grush* 67 Ill. 262 : 16 Am. Rep. 618 ; the concurrent negligence of the steamboat company, if it *was* negligent, is no defense for the railroad company : *Water Co. v. Ware* 16 Wall. 576 ;. *Storrs v. Utica* 17 N. Y. 108.

MARSTON, J. The following short statement of this case and of the principal questions raised is taken from the brief of counsel for the defendant and appellant :

It is an action brought by the husband as administrator,. to recover the pecuniary damages resulting from the alleged negligent killing of his wife by a train of cars of the defendant.

The plaintiff, a native of Sweden, emigrated to this country a year before the accident. He left his wife and two children behind. At the time the wife was killed she was on the way with her children to meet her husband, having traveled alone from Sweden to Marquette.

She was landed by the steamboat company at the merchandise wharf or pier of defendant about 7 o'clock A. M. August 18, 1881. She removed her baggage from the boat. on to the wharf without any aid except from her daughter, a young woman 16 years of age. There was a warehouse 200 feet long with a railroad track on each side on this. wharf, and trains of cars were continually coming and going from the wharf with freight. After deceased had been on the wharf a few minutes a train of cars came down at a. speed estimated from 10 to 15 miles an hour on the grade, and about 8 miles on the wharf. She attempted to cross.

the track when the cars were very near and was killed while so doing.

The questions raised in the case are numerous.    The principal questions, however, going to the plaintiff's right to recover at all, are three in number, as follows :

1. That the deceased, by her own negligence, contributed to her death.

2. The negligence alleged against the defendant was not proved.

3. The deceased was sufficiently identified with the steamboat company so as to take this case out of the rule laid down by this Court in *Cuddy v. Horn* 46 Mich. 596, and make the steamboat company solely liable.

Other questions in regard to rulings on the trial will be noticed further on.

We shall make no attempt to review the evidence in this case for the purpose of demonstrating that the deceased was not guilty of such contributory negligence as would prevent a recovery.    It would be but little short of absurd, to say that the rules which require a traveler upon a public highway, who is about to cross a railroad track, to exercise a certain degree of care, caution and judgment, should be held applicable in a case like the present.

The pier upon which the injury occurred, extended some 600 feet beyond the warehouse into the lake.    The wharf and warehouse referred to had been used for a series of years as a stopping place for the lake boats, where their passengers and freights were landed.    The warehouse was near the shore end of the pier.    By a survey made it was twenty-one stations of one hundred feet each from the outer end of the pier to the upper end of the depot.    The first five stations, or 500 feet from the outer or lake end of the pier, was level.    From station five to station eight, the land edge of the dock or pier, the track would be up grade at the rate of one-third of a foot to one hundred feet.    From the shore and up to station eleven the rise is eleven and $\frac{8}{10}$ feet to three hundred feet, "about $3\frac{95}{100}$ feet to the hundred feet, or

about two hundred and twelve feet to the mile." From station eleven to the depot the grade was $2\frac{6}{10}$ feet to one hundred feet. Station eleven is in the center of Water street or about three hundred feet from there to the shore end of the pier. There is a cut from the depot down to the west line of Water street. This cut varies, in some places being twenty feet deep or more.

On the morning in question, a large number of people were upon the wharf, estimated by some of the witnesses as two hundred or upwards, when twelve cars loaded with iron, and without any locomotive being attached thereto, were run from a point on the shore down onto the pier and along the same between the warehouse and the steamboat from which the passengers were landing. These cars were in charge of two brakemen, and as already quoted from the brief of counsel they " came down at a speed estimated from 10 to 15 miles an hour on the grade, and about eight miles on the wharf." A case of more gross carelessness on the part of the defendant it would be difficult to state. A bare statement of the facts is clearly sufficient to show that the negligence alleged against the defendant was fully proved.

The third proposition contended for by counsel, viz., that the deceased was so identified with the steamboat company as to make it solely liable, is not well taken. Even if the steamboat company had been guilty of negligence, of which there is no evidence, this would not relieve the defendant from responsibility. *Cuddy v. Horn* 46 Mich. 596.

The other objections raised during the trial we have examined, but discover no error in the rulings relating thereto.

It follows that the judgment must be affirmed with costs.

The other Justices concurred