| 92 | 610 |
| 96 | 550 |
| 92 | 610 |
| 102 | 631 |
| 92 | 610 |
| 107 | 499 |
| 92 | 610 |
| 110 | 515 |
| 92 | 610 |
| 114 | 245 |
| 92 | 610 |
| 125 | 370 |
| 92 | ;.0 |
| 141 | · '22 |

## Eliza Girard v. The City of Kalamazoo.

*Municipal corporations—Defective sidewalks—Evidence.*

1. Evidence of complaints of *present* suffering, made some time after an injury, is admissible; citing *Johnson v. McKee*, 27 Mich. 471; *Elliott v. Van Buren*, 33 Id. 49; *Maclean v. Scripps*, 52 Id. 239; *Mayo v. Wright*, 63 Id. 40.

2. Where there is no difficulty in laying before the jury all of the facts relative to the condition of a sidewalk, the defects in which are patent, the opinion of witnesses whether the walk is in a condition of reasonable repair and reasonably safe for public travel is properly excluded; citing *Smead v. Railway Co.*, 58 Mich. 202; *Smith v. Township of Sherwood*, 62 Id. 159; *Harris v. Township of Clinton*, 64 Id. 447.

3. By consenting to the use of testimony taken out of court pending the trial, the consenting party waives any objection to the ruling of the court allowing such testimony to ₊be taken.

4. Where the defect in a sidewalk which occasions an injury arises from a cause which naturally affects the entire walk, as where it is occasioned by age and consequent decay, the indications of the existence and operation of that cause, which appear upon the surface at other points, are competent, as bearing upon the general condition of the walk and the operation of the same cause elsewhere, and are admissible as notice of the probable condition of the walk at the point of the accident.

Error to Kalamazoo.   (Buck, J.)   Argued June 23, 1892.   Decided July 28, 1892.

Negligence case.   Defendant brings error.   Affirmed. The facts are stated in the opinion.

*E. M. Irish*, for appellant.

*Oscar T. Tuthill*, for plaintiff.

McGRATH, J. Plaintiff had judgment for injuries resulting from a fall upon a defective sidewalk. It was

a plank walk, and the testimony showed that it had been for some time in a state of decay. Both planks and stringers were decayed, and, meeting a party upon the walk, one end of a loose plank was thrown up, and plaintiff tripped upon it, and fell heavily to the walk.

Plaintiff's daughter, who attended her, was allowed to testify as to complaints made during her suffering, but some time after the injury. This testimony was competent. *Johnson v. McKee*, 27 Mich. 471; *Elliott v. Van Buren*, 33 Id. 49; *Maclean v. Scripps*, 52 Id. 239; *Mayo v. Wright*, 63 Id. 40. Complaints or exclamations as to present suffering differ from narrations of past suffering. *Kelley v. Railroad Co.*, 80 Mich. 237.

One of plaintiff's witnesses testified that he had been over the walk frequently; that he examined the walk the day of the accident, after it happened; and then testified generally as to the condition of the walk. On cross-examination, the witness was examined as follows:

"*Q.* You say that you have been, Mr. Carroll, during the time from July until the following April previous to the accident, in the habit of going almost daily over that walk?

"*A.* No; I didn't say so.

"*Q.* Well, about how often?

"*A.* I might go over it on an average of once a day; sometimes it would average from two to three times a week.

"*Q.* Were you sworn as a witness on a former trial of this case?

"*A.* Yes, sir.

"*Q.* You also testified before the committee of the city council when the matter was up before them, did you?

"*A.* Yes, sir.

"*Q.* I will call your attention to a part of your cross-examination.   (Reading):

" '*Q.* Now, I understand you to say in your testimony here that you went over that walk repeatedly for more than a week?

" '*A.* Yes, sir.

" '*Q.* Prior to the time the fall was had?

" '*A*. Yes, sir.'

"*Q*. I want to call your attention to a portion of your other testimony. (Reading):

" '*Q*. Did you see this walk only that one time?

" '*A*. Oh, I have been there two or three times.

" '*Q*. Before that?

" '*A*. Yes, sir.'

"*Q*. Now, I will ask you if you testified to that before the committee?

"*Mr. Tuthill:* I object to that, as incompetent. He can't be asked what he testified to.'

"*The Court:* I think the objection to that should be sustained. It seems to me that is going too far."

The defendant should have been allowed the usual latitude of cross-examination, and to have shown any other version given by the witness of the matter than that testified to on the trial. We are unable to see, however, how the defendant was prejudiced by the rejection of the testimony. The testimony first read to the witness agreed substantially with that given on the trial. The portion of the other testimony read evidently refers to his visit to the walk on the day of the accident.

Several witnesses were asked by defendant's counsel to say " whether the walk was in a condition of reasonable repair and reasonably safe for public travel," but the court excluded the testimony, and we think properly. *Smead v. Railway Co.,* 58 Mich. 202; *Smith v. Township of Sherwood,* 62 Id. 159; *Harris v. Township of Clinton,* 64 Id. 447.

The cases of *Laughlin v. Railway Co.,* 62 Mich. 226, and *Cross v. Railway Co.,* 69 Id. 369, are clearly distinguishable from the cases cited and from that under consideration. In the Laughlin case the injury was caused by an accumulation of snow thrown up into a ridge in the roadway at the junction of two streets and two street-car tracks. Not only was the question of defendant's negligence involved, but that of the plaintiff

as well. There was not only the accumulation or pile or ridge of snow, with regard to the width, depth, or height of which witnesses would naturally differ, with its " sharp slope downward," and which slope could only be described, but there was the curve of the track and the switch, the width of the roadway, and the surroundings. In the Cross case the hole into which plaintiff fell was two feet deep. It was not in a highway, but was upon defendant's premises. It was not pretended that this hole in a way would not be dangerous, nor that defendant could be made liable to trespassers straying upon its grounds, if there were no other conditions; but the question was the location of the depot, the situation of the streets, the location of this hole with reference to access to and egress from the depot, its proximity to the way upon which defendant had invited travel, or which the public would naturally travel to and from the depot; and the witnesses testified that, located as it was with reference to these other circumstances, it should have been guarded. In both these cases there was such a combination of surroundings that no amount of description, and not even a photograph, would have enabled the jury to see the situation as the witnesses saw it. In such case, not only each incident and object and condition involve description, but the relation of each to the other, the lengths, heights, and distances, must be explained, and the whole must be grouped, and the background filled in, before the situation can be understood. The difficulties are at once apparent.

In the present case there was no difficulty in laying before the jury all the facts relative to the condition of this walk. The simple questions were: Was this walk old and decayed? Were there holes or broken planks, or loose or decayed planks, in the walk, or were the stringers decayed? The testimony tended to show that

other loose planks had been observed from time to time; that these loose planks had been thrown out in the street, and after a time placed back again; that the stringers were decayed, and would not hold the nails, and when the boards were thrown out the nails would still appear, sticking through the planks; that this walk had not been renewed for years; that it had been patched; that planks had been turned in places, the decayed edges appearing on the face of the walk; and that these conditions were patent. The testimony of the defendant should have been directed to these conditions. The case did not call for opinion evidence. It was the province of the jury to draw the proper inferences from this state of facts, and as to whether such a general condition was consistent with proper care or want of notice to the city of the condition of this walk at the point where the injury was received.

By consenting to the use of the testimony taken pending the trial out of court, defendant waived any objection to the ruling of the court allowing it to be taken. The ruling would have been harmless, in the absence of the testimony.

Error is assigned upon the charge of the court that, if any one of the officers of the city had actual notice, the city would be liable. The instruction is not open to the interpretation given to it by counsel for defendant. That portion of the charge must be taken in connection with other portions, and, too, in connection with the testimony to which it was directed. It was shown that one who had been sidewalk inspector for years, and up to within 16 months prior to the accident, had served notices of the defective condition of this walk upon the owner; that the condition was defective at that time; that no new walk had been built; and the testimony clearly tended to show that such defective condition con-

tinued to the time of the injury. In other portions of the charge the court refers to the proper officers of the city, and it is clear that, from the whole charge applied to the testimony, the jury could not have been misled.

Defendant's counsel requested the court to instruct the jury as follows:

" The jury are further instructed that while evidence has been admitted as to loose planks, which might have been other planks than the one plaintiff tripped on, this evidence is only admitted because the witnesses were uncertain as to the identical plank upon which the plaintiff tripped, and that the plaintiff cannot recover unless it is shown by a preponderance of the evidence in this case, not only that there was a defect in the identical plank the plaintiff tripped on, but that the city had had reasonable notice of such defect for a sufficient length of time to enable it to repair it.

" If the jury should find that other planks in the sidewalk in question near the place of the accident were loose, the existence of such loose planks cannot be taken into consideration as proof that the identical plank upon which the plaintiff tripped had been loose in such manner as to make the defendant negligent in regard to it."

These requests were properly refused. Where the defect in a walk which occasions the injury arises from a cause which naturally affects the entire walk, as where the defect is occasioned by age and consequent decay, the indications of the existence and operation of that cause, which appear upon the surface at other points, are competent, as bearing upon the general condition of the walk and the operation of the same cause elsewhere, and are admissible as notice of the probable condition of the walk at the point of the accident. In other words, the giving way of certain planks in a walk by reason of the decay of the stringers, and their inability to hold the nails, not only tends to show, but is pretty conclusive evidence, that other planks resting upon the same stringers are liable to give way, and, by reason of this

liability, the walk cannot be said to be in a reasonably safe condition for travel, and the giving way at one point is notice of their liability to give way at another.

The judgment must therefore be affirmed, with costs to plaintiff.

LONG, GRANT, and MONTGOMERY, JJ., concurred. MORSE, C. J., did not sit.