## LITTLE v. WILLIAMS.

1. APPEAL—HARMLESS ERROR.
    The exclusion of cumulative evidence on an uncontradicted
    point is not prejudicial error.

2. HUSBAND AND WIFE—FRAUD—EVIDENCE.
    In trover by a wife against a mortgagee of the husband for prop-
    erty which she claimed to have owned, but which she had per-
    mitted the husband to use in his business, the husband, who
    was sworn for the plaintiff, having admitted on cross-exam-
    ination that he told a former partner that the property be-
    longed to him, was further questioned regarding his motive in
    deceiving his partner. *Held*, that the evidence was properly
    excluded as immaterial.

3. TRIAL—REMARKS OF COUNSEL.
    A judgment will not be reversed because of the improper
    remarks of counsel for the prevailing party, where such
    remarks were apparently made in reply to similar remarks by
    appellant's counsel.

4. APPEAL—QUESTIONS NOT RAISED BELOW.
    A failure to charge the jury upon a point as to which no instruc-
    tion was requested, and to which the attention of the court
    was not called, cannot be urged upon appeal as ground for a
    reversal.

Error to Muskegon; Russell, J. Submitted December
5, 1895. Decided December 24, 1895.

Trover by Amelia A. Little against John Williams.
From a judgment for plaintiff, defendant brings error.
Affirmed.

*F. W. Cook*, for appellant.

*S. H. Clink*, for appellee.

GRANT, J. Plaintiff brought an action of trover for
the value of certain saloon fixtures, and recovered ver-
dict and judgment for $308. Errors are assigned upon
the exclusion of testimony and the charge of the court.

The appellee has filed no brief. Plaintiff and her husband resided in Muskegon. April 11, 1891, her husband purchased this property in Chicago, in his own name. It was shipped to him in his own name. He started and kept a saloon with it, at one time taking in a partner, to whom he represented this property as his own. Afterwards he bought out the interest of his partner, again sold it as his own, and mortgaged it to the defendant. Plaintiff claims that she furnished the money to her husband with the agreement that the property should be hers. The theory of the defense was (1) that there was no such transaction; and (2) that, if there was, she was estopped to assert title to the property.

We find no evidence of conversion. Williams had never bought the property, never had it in his possession, and had taken no steps to foreclose the mortgage. The defendant, however, filed no requests to charge; and it appears to have gone to the jury, without objection, upon the assumption that there was such evidence. We are therefore only concerned with the errors alleged.

1. Plaintiff and her husband lived over the saloon, and there was a stairway leading from the saloon to their rooms above. One Langkawel, a brother of plaintiff, was at one time a partner with Mr. Little in the saloon business, and had sold out to Little. He was examined as to the conduct and management of the business, and his dealings with Mr. Little. He was asked if Mr. Little made a proposition to sell to him everything they had there, including the fixtures. This and other similar questions were excluded. Mr. Little, a witness for the plaintiff, had admitted that he told Langkawel that he owned the fixtures. It was established beyond controversy that Mr. Little dealt with this property as his own. This witness testified that he had never heard the plaintiff make any claim to these fixtures, and that Mr. Little put them in as his part of the assets of the partnership. We think, therefore, that the exclusion of this testimony was not prejudicial.

2. Mr. Little admitted that he told Langkawel that he owned the fixtures. He was asked on cross-examination as to his motive for deceiving Langkawel, and the question was excluded. While there are many earmarks of fraud in this alleged transaction between plaintiff and her husband, and a broad latitude is allowed in such cases in the examination of witnesses, and especially the parties to it, we do not see how the motive for deceiving his partner would have aided the defendant's case. He admitted the falsehood and the deceit. His motive was immaterial, and could have thrown no light upon the issue.

3. Complaint is made that plaintiff's counsel, in his closing argument, made unjustifiable and prejudicial remarks. They seem to have been made in reply to similar remarks in the argument of defendant's counsel. We see no reason for reversing the case on this ground.

4. Complaint is made that the court, in its instructions, did not say anything to the jury upon the question of estoppel. Defendant's counsel did not request it, neither did he call the attention of the court to it. He cannot, therefore, now raise the question.

The judgment is affirmed.

The other Justices concurred.