## BURLESON v. VILLAGE OF READING.

1. PERSONAL INJURIES—EVIDENCE—MARRIED WOMEN.
   In an action by a married woman to recover for personal injuries, it was error to permit her to testify that her husband, who lived apart from her, contributed nothing towards her support.

2. SAME—EXCLAMATIONS OF PAIN.
   The natural and ordinary exclamations of pain by the plaintiff in an action for personal injuries, called out by her suffering, and not by any motive of making testimony, are admissible in evidence. Strudgeon v. Village of Sand Beach, 107 Mich. 496, followed.

3. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALK—NOTICE OF DEFECT—OPPORTUNITY TO REPAIR.
   Failure to put a sidewalk in proper condition within a reasonable time after notice of a defect therein is essential to the liability of a municipal corporation for personal injuries caused by such defect, whether the notice of the defect be actual or constructive.

4. PERSONAL INJURIES—UNFAVORABLE PRESUMPTIONS—EVIDENCE TO OVERCOME.
   Where the plaintiff in an action for personal injuries testified, on cross-examination, that she went to work soon after the accident, her testimony that the duty of paying her mother's funeral expenses and of meeting other pressing obligations required an early resumption of work was properly received to overcome the presumption against the seriousness of her injuries which otherwise might have arisen. LONG, C. J., dissenting.

Error to Hillsdale; Lane, J. Submitted June 11, 1896. Decided July 31, 1896.

Case by Lora A. Burleson against the village of Reading for personal injuries caused by a defective sidewalk. From a judgment for plaintiff, defendant brings error. Reversed.

*Lockerby & Kinney*, for appellant.

*F. A. Lyon*, for appellee.

LONG, C. J.    This action is brought by the plaintiff against the defendant village for damages occasioned by a defective sidewalk, by reason of which the plaintiff was injured in June, 1893.    The particular defects in the walk complained of were, as shown by plaintiff's testimony, that the stringers were rotten, so that they would not hold nails, and that they had become broken; also, that the boards had become and remained loose, rotten, broken, and defective.    Plaintiff's testimony also shows that she and two other ladies were walking along and over this walk in a careful and prudent manner, and that Lois Hart, one of the ladies, stepped upon one of the boards in this walk, which was loose, and that it flew up in front of plaintiff, tripping her and throwing her forward, breaking and crushing her knee cap, bruising her leg, and as the result of her fall her spine and head were greatly injured.    Defendant contended that the walk was not out of repair; that in the spring of 1893 it was in a reasonably safe condition; that it was inspected by the village officers, and found in safe condition, and no repairs ordered; that, if any defects existed at the time of the accident, they were of short duration, and that the same had never come to the attention of the village authorities; that the particular defect complained of was that a wedge-shaped piece of board had become split off the main board, which, when stepped upon, flew up, tripping the plaintiff.    It was also contended that plaintiff was not seriously injured, and that whatever injury she may have sustained was aggravated by her own negligence.    The cause was tried before a jury, and there was verdict and judgment for the plaintiff for $1,600.

We think there was error on the part of the trial court in the admission of certain of the evidence.    The plaintiff was called as a witness, and testified that after she was

110 MICH.—33.

injured she went to the factory to work, and did not know for several days that her knee was fractured. She was then asked:

"What reason did you have for being so anxious to work?"

This was objected to, and counsel for the plaintiff responded:

"I think it bears on the question that they now raise, as to whether she was negligent in caring for herself after she was injured. Circumstances make a great deal of difference."

The court permitted the answer, and the plaintiff then testified:

"I had buried my mother. I had her funeral expenses —a part of them—to pay, and her doctor bill, and I felt as if I must work. And I just bought a sewing machine, and that was $50, due in July, and I thought I had to work."

This testimony was well calculated to arouse the sympathy of the jury, and should not have been admitted by the court. The claim of counsel that "circumstances make a great deal of difference" could not make the testimony competent. There were no circumstances which would warrant counsel in placing before the jury the struggles of the plaintiff in meeting other obligations. A like question arose in *Marsh* v. *Bristol*, 65 Mich. 383, and the admission of the testimony was severely criticised by this court. In *Van Dusen* v. *Letellier*, 78 Mich. 508, the plaintiff was permitted to testify that he had no means of support but his daily wages, and it was said:

"This was an indirect way of bringing the poverty of the plaintiff before the jury, which is not permissible in actions of this character, and we cannot say that it may not have been prejudicial to defendants."

Other testimony of like character was permitted. It was shown that plaintiff was a married woman, and

she testified that she was living apart from her husband, and collected her own wages. She was then asked if her husband contributed anything to her support. Under objection she was permitted to testify that her husband "never let her have a cent." She stated further: "He did not support me. I had to work, and take care of myself."

Some question is raised over the ruling of the court in allowing the plaintiff's witnesses to testify as to her exclamations of pain. Complaints of present pain and suffering are admissible. *Girard* v. *City of Kalamazoo*, 92 Mich. 610. We find nothing in the record which takes the case out of the rule laid down in *Strudgeon* v. *Village of Sand Beach*, 107 Mich. 496, and cases there cited.

Some other questions are raised upon the admission of evidence, which we do not deem it necessary to discuss.

The charge was a very fair one in most respects. But counsel for defendant contend that the court was in error in the rule as to constructive notice to the village authorities as to the defective condition of the walk. The court should have stated to the jury, in connection with what was said about the length of time the walk had been out of repair, and its bad condition, that they must find it had been in that condition for such a length of time that the village authorities must be presumed to have had notice of the defect, and have had reasonable time to repair. The court omitted this last important element in the charge, although the defendant had requested such a charge, as follows:

" Neither would the plaintiff be allowed to recover if the walk was defective, unless she prove, in connection with that, that she was injured by reason thereof, and that the village had received notice of such defect prior to such injury, and that it had neglected for a reasonable time after such notice to put the same in a proper condition."

This would apply to constructive as well as to actual notice, and is the rule in either case.

For the reasons pointed out the judgment of the court below will be reversed, and a new trial ordered.

MOORE, J. I agree with the Chief Justice that the case must be reversed, but cannot agree with him in the conclusion that the testimony of Mrs. Burleson, explaining why she went to work so soon after the accident, was incompetent. After she had given her testimony in chief, she testified, on the cross-examination, that she went to work in the factory soon after she was hurt. If the testimony had been left there, it would have been argued to the jury that she could not have been seriously hurt, or she would not have gone to work so soon, and this would have been a fair presumption from the testimony. To overcome that presumption, I think it competent to show, in view of the cross-examination, that it was because of the stress of circumstances that she went to work; and the testimony was competent for that purpose, and that only.

MONTGOMERY and HOOKER, JJ., concurred with MOORE, J. GRANT, J., did not sit.