## BOKENFOHR v. BUSH.

1. APPEAL—ASSIGNMENTS OF ERROR—INSTRUCTIONS.

Failure to instruct the jury, in an action upon a contract for the sale of "good merchantable potatoes," as to the meaning of the term "merchantable," cannot be relied upon on appeal, where no request for such instruction was preferred.

2. SAME—TRIAL—REMARKS OF COUNSEL.

A judgment will not be reversed for alleged erroneous remarks of counsel, where the record does not show any objection or exception, or what the remarks were, or that the attention of the court was called to them.

Error to Wayne; Hosmer, J. Submitted June 8, 1898. Decided June 28, 1898.

*Assumpsit* by Jackson Bokenfohr against Herbert T. Bush and others, copartners as H. T. Bush & Co., for goods sold and delivered. From a judgment for plaintiff, defendants bring error. Affirmed.

One Adolph Anderson, a produce dealer and broker in New Orleans, telegraphed defendants, produce dealers in Detroit, the lowest price per car load for good merchantable potatoes. Defendants replied by telegram, June 4th: "Accept offer bbld. potatoes, Triumphs preferred. Make careful selection, fresh stock." Anderson ordered the potatoes of plaintiff, who supposed that Anderson was defendants' agent. On receipt of the telegram, the goods were immediately shipped. On their arrival defendants refused to accept, on the ground that the potatoes were too small. Plaintiff sued for the purchase price, and recovered verdict and judgment.

*Whitney C. Beckwith*, for appellants.

*Bowen, Douglas & Whiting*, for appellee.

GRANT, C. J. (*after stating the facts*).    The court instructed the jury that Anderson was not agent for defendants, but that he was the agent for plaintiff, and, if they found that the potatoes were merchantable when delivered to the carrier at New Orleans, plaintiff was entitled to recover, but, if they were not merchantable, they should find for the defendants.    The testimony was in direct conflict.

Error is assigned upon the failure of the court to instruct the jury that "merchantable" means "specially inferior to the best or the selected quality, but sufficiently good for ordinary purposes; that it means more than salable for any price; and that defendants, in ordering the potatoes, had ordered that a careful selection be made." No such request was made to the court, nor does it appear from the record that any such point was made.    It cannot, therefore, be considered by us.    The case was evidently tried upon the theory shown in the court's instructions.

Error is also assigned upon remarks of counsel for plaintiff to the jury.    The record does not show any objection or exception, or what the remarks were, or that the attention of the court was called to them.    The objection was made afterwards upon a motion for a new trial, in the denial of which we concur.

Judgment affirmed.

The other Justices concurred.