## HOVEY *v.* MICHIGAN TELEPHONE CO.

1. TELEPHONE COMPANIES—SUSPENDED WIRES—INJURY TO HORSE
   —CONTRIBUTORY NEGLIGENCE OF DRIVER—QUESTION FOR JURY.
   In an action against a telephone company for injury to a
   horse, occasioned by contact with a wire suspended in the
   street, the fact that plaintiff knew that defendant was en-
   gaged in stringing its wires, and that the day was bright and
   clear, does not conclusively establish his negligence in failing
   to see the wire in time to avoid it.

2. SAME—VIOLATION OF MUNICIPAL ORDINANCE.
   Proof that plaintiff in such action, at the time of the accident,
   was violating an ordinance imposing a penalty on dangerous
   or unusual driving, is not conclusive against a recovery,
   unless it is shown that such driving contributed to the injury.

3. SAME—NEGLIGENCE.
   It cannot be said, as a matter of law, that telephone com-
   panies have a right to suspend wires across public highways
   for such reasonable time as may be necessary for making
   connections, without taking measures for the protection of
   travelers.[1]

4. MUNICIPAL ORDINANCES—VIOLATION—FAST DRIVING.
   A village ordinance against dangerous or unusual driving is
   not necessarily violated by driving at a rate of 12 miles an
   hour.

5. SAME—INSTRUCTIONS TO JURY.
   Failure to instruct the jury as to dangerous, as well as unusual,
   driving, within an ordinance forbidding dangerous or un-
   usual driving, is not reversible error, where no request was
   made for such instruction, and the court's attention was not
   directed to the omission.

Error to St. Joseph; Yaple, J.   Submitted June 12,
1900.   Decided September 13, 1900

Case by Charles S. Hovey against the Michigan Tele-
phone Company for injuries to a horse.   From a judg-
ment for plaintiff, defendant brings error.   Affirmed.

[1] For liability for injuries by electric wires in highways, see note
to *Denver Consolidated Electric Co.* v. *Simpson,* (Colo.) 31 L. R. A.
566.

*Wells, Angell, Boynton & McMillan (Stewart & Bliss,* of counsel), for appellant.

*Alfred Akey,* for appellee.

HOOKER, J. The defendant's workmen, engaged in constructing a telephone line, had strung and fastened its wire along Main street, in the village of Centerville, to and upon a pole standing at the corner of Main and Clark streets. The wire was then carried diagonally across the intersection of the two streets to the opposite corner, and over a crossbar upon a pole there situate, being allowed to sag near the ground across the intersection of the streets, thereby temporarily obstructing travel. The plaintiff, while driving his horse before a cutter, ran against the wire, and claims that the horse was injured. He recovered a judgment of $125, and the defendant has appealed.

The plaintiff testified that he was driving at a rate of about 12 miles an hour, and did not see the wire, which hung about 2 feet from the ground, until just before it struck his horse's knees. Counsel allege that the court erred in refusing to direct a verdict for the defendant, asserting that the record conclusively shows that the plaintiff knew that the defendant was stringing wire upon its poles along Main and Clark streets, and that the sun was at his back, shining brightly upon the wire, which was copper. It is contended that he was bound to know that there was liable to be a temporary obstruction, and that he was negligent in not having his horse under control, and in not seeing the wire in time to avoid it. We agree with the learned circuit judge that it was for the jury to say whether he had reason to expect and should have seen the obstruction; for we think it is not conclusively shown that he had such knowledge or notice as should lead an ordinarily careful man to look for an obstruction, or that it was negligence not to detect the wire.

It is contended that he was shown to have been driving in violation of an ordinance imposing a penalty on dangerous or unusual driving. If it be conceded that he was

driving in violation of the ordinance, that fact alone is not conclusive against him. Before contributory negligence is established as a defense, there must be proof, not only of negligence, but that it contributed to the injury. These we consider questions of fact in this case, and it was proper to leave them to the jury.

The defendant was not entitled to have given either the fourth or sixth request to charge. We cannot say, as a legal proposition, that defendant had a right to hang a wire across the street for such reasonable time as might be necessary for its purposes, without taking measures to protect travelers against accident. It would depend upon the circumstances, and therefore it was for the jury to determine the question. Again, if, as contended, the judge might have told the jury that the proofs conclusively showed that plaintiff was driving at an unlawful rate of speed, that of itself did not entitle defendant to a verdict. There was the further question of whether it contributed to the injury.

It is said that the judge should not have left the jury to determine whether the speed was unusual, and that he should not have omitted to say to them that the ordinance prohibited dangerous as well as unusual driving, and that he should not have left them to determine whether 12 miles an hour was prohibited by the ordinance or not. There was considerable testimony tending to show that others drove at a 12-mile pace through these streets, and our attention is not called to any proof that a 12-mile pace was dangerous. It seems to us that they were proper questions for the jury.

The omission to instruct in relation to the word "dangerous" cannot be allowed to reverse the case. No proper request was directed to this question, and counsel did not call the court's attention to the omission, while one or more of the requests omit the word "dangerous," while including "unusual."

The judgment is affirmed.

The other Justices concurred.