## PARKEY *v.* GALLOWAY.

1. HIGHWAYS—ESTABLISHMENT — PRESCRIPTION — EVIDENCE — SUF-
FICIENCY.

    Evidence that a logging road was opened in 1872 across unlo-
cated public land and used continuously thereafter until 1905
as such and by the general public, that it was kept in repair
chiefly by private parties using it to haul forest products over
it, and that township officers expended money upon it, is suf-
ficient to go to the jury on the question of highway by user,
though the land was entered in 1902 by defendant as a home-
stead.

2. TRIAL—REQUESTS—REFUSAL.

    It is not error to refuse requests the substance of which is
given in the general charge.

3. HIGHWAYS — OBSTRUCTION — ACTION — OFFICER AS WITNESS —
WEIGHT OF TESTIMONY.

    It is not error in an action for obstructing a highway to charge
that the testimony of the highway commissioner should be
considered as that of any other witness, and that his opinions
are not binding.

4. SAME—EVIDENCE—ADMISSIBILITY.

    In an action for obstructing a highway it is not error to per-
mit a witness to state that he was employed by the highway
commissioner after a storm to see whether anything was
across the road and if so to take care of it, such testimony
being material on the question of acceptance.

5. SAME—APPEAL— REVIEW—QUESTIONS CONSIDERED — QUESTION
NOT RAISED BELOW.

    On error to review a judgment against defendant for obstruct-
ing a highway, claimed to be a highway by user, an assign-
ment that the court erred in not instructing the jury that
while the title to the land was in the United States the town-
ship could not gain title by user will not be considered, the
question not having been brought in any way to the atten-
tion of the trial court.

6. APPEAL AND ERROR—AFFIRMANCE—EFFECT—NEW TRIAL—MO-
TION AFTER AFFIRMANCE.

    The circuit judge has authority to hear and grant a motion
for a new trial on the merits, notwithstanding the judgment
has been affirmed by this court.

Error to Cheboygan; Shepherd, J. Submitted October 17, 1906. (Docket No. 88.) Decided April 2, 1907.

Trespass quare clausum fregit by Joseph Parkey, highway commissioner of Burt township, against William J. Galloway. There was judgment for plaintiff, and defendant brings error. Affirmed.

*William N. Cross* and *H. W. Harpster*, for appellant.

*Frost & Sprague*, for appellee.

McALVAY; C. J. This suit was brought in justice's court by the commissioner of highways under section 4061, 2 Comp. Laws, against defendant, to recover damages for encroachment upon a certain highway which crossed land occupied by defendant in Cheboygan county. It was claimed that this was a highway by user. Defendant under the general issue gave notice that no public highway across his premises existed, and admitted on the trial that he had obstructed this claimed highway. Plaintiff recovered judgment, and the case was appealed to the circuit court for Cheboygan county, where it was tried by a jury, and defendant found guilty, and nominal damages were awarded. From a judgment entered upon this verdict, defendant has brought the case to this court by writ of error.

The question in dispute was whether this was a highway by user. This road, claimed to be a highway by user, was cut in 1872 as a logging road across this land, the title to which is in the United States, to enable those who were getting out forest products to get to the waters of Burt Lake. The road extended from the timbered lands down to the lake shore, and no further. Other logging roads were from time to time cut out, extending from lands on each side of this logging road and running into it, making branches of it, which were used only for logging operations. About this there

is no dispute. This was the ordinary logging road, made and kept in repair for many years by private parties for that purpose, and so used to the present time. This suit is instituted by the officer at the instance of private parties, who desire to haul forest products over it and are prevented by defendant, who in 1902 entered the land at the United States land office as a homestead, and has since occupied it as such. This suit was commenced in August, 1905. It is claimed on the part of plaintiff that from the time of the opening of this logging road it has been used by the public generally as a highway, and evidence was offered tending to show that fact, and that the township officers expended some money on the road.

At the close of plaintiff's case a motion was made by defendant that the court instruct the jury that there was no evidence in the case that would warrant them in finding a public highway by user. The motion was denied, and an exception taken. Error is assigned upon the refusal of this motion. The action of the court was not erroneous. There was evidence properly in the case tending to support plaintiff's claim at that stage of the case.

The substance of the three requests of defendant to charge the jury, upon the refusal of which error is assigned, as far as was proper, were given in the main charge.

The instruction of the court to the jury that the evidence of the highway commissioner should be considered as that of any other witness, and that his opinions were not binding, was not erroneous.

Nor was it error for the court to allow witness Enos Cobinaw to testify as to his employment by a highway commissioner and instructions to him to see whether anything was across the road after a storm and to look after it. This evidence had some bearing upon the question whether the public authorities had accepted the road as a highway. No error is assigned upon the charge of the court as to the effect of such evidence if believed by the jury, and the question is not before us.

Error is also assigned because the court did not instruct

the jury that while the title to the land was in the United States government the township could not gain title by user; that the statute of limitations could not operate against the government. There was no request presented to this effect; nor does it appear that the question was raised at the time the motion was made to take the case from the jury, or that the attention of the court was at any time directed to the question. This court has frequently held that it will not consider questions raised in this manner for the first time in this court. *Little* v. *Williams*, 107 Mich. 652; *Bokenfohr* v. *Bush*, 117 Mich. 444. To allow this would be unfair to the trial judge, who has had no opportunity to pass upon the matter. We express no opinion upon the merits of the question. If defendant's contention upon this question is correct, it is evident that it should be brought to the attention of the trial judge by a motion for a new trial, on which motion the question may be considered. The trial judge has authority to hear and grant such motion, should he so determine, although the judgment has been affirmed by this court. *Reynolds* v. *Newaygo Circuit Judge*, 109 Mich. 403; *Hayes* v. *Ionia Circuit Judge*, 125 Mich. 277.

Other errors assigned need not be considered.

The judgment of the circuit court is affirmed.

CARPENTER, GRANT, BLAIR, and MOORE, JJ., concurred.