## HAMMOND v. PORTER.

1. SLANDER—JUSTIFICATION—EVIDENCE—SUFFICIENCY.

In an action for slander in charging plaintiff with stealing defendant's chickens, in which a justification is pleaded, a contention that the evidence tending to prove justification was insufficient because.it only justified the language used in a literal sense, and not in the sense in which it is charged in the declaration, is untenable where, though .defendant testified on cross-examination that he could not swear that plaintiff stole his chickens, the inference that he did steal them could be drawn from defendant's testimony.

2. SAME—PLEADING—NOTICE OF JUSTIFICATION—OBJECTIONS.

A complaint on error that a notice of justification in an action for slander is insufficient because it only justifies the language used in a literal sense, and not in the sense in which it is charged, is an objection to a variance in a mere matter of form which, not being raised in the trial court, cannot be considered.

3. TRIAL — INSTRUCTIONS — REQUESTS — NECESSITY — SPECIFIC INSTRUCTIONS.

Where plaintiff in error has no just ground to complain of what the court said in its instructions, he cannot complain of failure to give more specific instructions as to points about which he preferred no requests.

4. SLANDER—TRIAL—INSTRUCTIONS—INFERENCE OF MALICE.

A claim that, by reason of a modification of one of plaintiff's requests, the jury would not understand that defendant's malice was to be inferred if he charged that plaintiff stole his chickens, is not meritorious where the court charged that, if the jury found that the words were spoken as alleged in the declaration, the law presumed they were spoken maliciously and that good faith was no defense.

5. DAMAGES—EVIDENCE—INSTRUCTIONS—HARMLESS ERROR—CURE BY VERDICT.

Errors in excluding testimony and in charging the jury respecting the measure of plaintiff's damages are not reviewable in a case in which the jury found a verdict for defendant.

Error to Eaton; Smith, J. Submitted October 16, 1907. (Docket No. 78.) Decided December 10, 1907.

Case by Orvil C. Hammond against Benjamin Porter for slander. There was judgment for defendant, and plaintiff brings error. Affirmed.

*R. A. Colwell* and *Huggett & McPeek*, for appellant.

*Elmer N. Peters*, for appellee.

CARPENTER, J. Plaintiff and defendant are neighbors. Each owned a large number of chickens of the same variety. They had a quarrel, arising from the fact that defendant charged that plaintiff had sold some of defendant's chickens. Plaintiff contends that in the course of this quarrel, which took place in the presence of plaintiff's wife, defendant charged that plaintiff stole said chickens. This suit is brought to recover damages for that slander. The declaration avers that defendant said:

" I have found right here to your neighbors where you have sold chickens with our shear marks on them   *   *   * that they did not all go at once, they went a few to a time and when you opened your coop we saw fifteen come right straight home."

The declaration also avers other slanderous statements, and that defendant thereby meant and intended to charge that plaintiff stole his chickens. Defendant pleaded the general issue and gave notice that the above quoted statements were true. The suit was tried before a jury and a verdict and judgment rendered in defendant's favor.

*First.* It is contended now that the notice of justification, and also—as we infer from plaintiff's brief—that the evidence tending to prove justification, each was insufficient because it only justified "the language used in the literal sense," and not "in the sense in which it is charged by plaintiff in his declaration." Whatever may be said respecting the notice, there was no insufficiency in the testimony introduced to establish justification. It

is true that defendant, when being cross-examined, testified—and very properly testified—that he could not swear that plaintiff stole his chickens, but the inference that he did steal them could none the less be drawn from the testimony. The real complaint of plaintiff, then, is, not that justification was not proved, but merely that it was not alleged. This is an objection to mere matter of form, to a variance, which should have been made in the trial court. *Stone* v. *Covell*, 29 Mich. 359; *Merkle* v. *Township of Bennington*, 68 Mich. 142; *Alderton* v. *Williams*, 139 Mich. 302. It was not so made and we therefore decline to consider it.

In this connection we notice the complaint of plaintiff that the trial court erred in not charging the jury that, to succeed in his justification, he must justify the language used in the sense in which it is averred in plaintiff's declaration. Plaintiff has no just ground to complain of what the trial court did say. At most he has a right to complain only of an omission in the charge. In other words, his real complaint is that a more specific instruction was not given. Had he desired such instruction, he should have asked it. That he did not do. Under these circumstances, the failure of the trial judge to give such instruction was not error. *People* v. *Smith*, 122 Mich. 284; *Miller* v. *Shumway*, 135 Mich. 654.

*Second.* The trial court, in charging the jury, modified one of the requests preferred by plaintiff. It is contended that this modification was an error. The only argument advanced in support of this omission is the following:

"The proposition that malice is to be inferred when a person is falsely charged with a crime, is so well settled as not to require citation of authority."

In other words, plaintiff contends, as we understand the above argument, that by reason of the modification of said request the jury would not understand that defendant's malice was to be inferred if he charged that plaintiff stole the chickens. There is no merit in this complaint, for the trial court charged the jury:

"And if you find they (the alleged slanderous words) were spoken as alleged in the plaintiff's declaration, then the law presumes they were spoken maliciously. * * * Further, if you find that the defendant did utter the slanderous statements or some of them alleged in the plaintiff's declaration in good faith and in the honest belief that said statements were true, that is no defense to this action."

*Third.* It is also contended that the court erred in charging the jury respecting the measure of damages and in excluding testimony which tended to enhance the damages. As the jury found a verdict for the defendant they did not reach the question of damages. They had, therefore, no occasion to make use of the excluded testimony, or to apply the rule of law complained of. The alleged errors could not have been prejudicial, and we are not called upon to review them. *Brown* v. *Harris,* 139 Mich. 374; *Sterling* v. *City of Detroit,* 134 Mich. 22; *N. & M. Friedman Co.* v. *Assurance Co.,* 133 Mich. 212.

No other complaint demands discussion.

Judgment affirmed.

McALVAY, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.