PRUNER *v.* DETROIT UNITED RAILWAY.

1. PLEADING—DECLARATION—JOINDER OF PARTIES—COUNTS.
No reversible error was committed on the trial of an action for negligence in which two defendants were joined by one count of the declaration, while each of the other counts severally charged one defendant with the injury, in overruling an objection to the declaration for misjoinder of parties.

2. SAME—TRIAL—PRACTICE—ABATEMENT AND REVIVAL.
Circuit Court Rule 27, permitting plaintiff to go to trial as to joint defendants without discontinuing and requiring the

jury to return a verdict against the defendants that are liable, applies to actions of tort as well as to actions *ex contractu*.

3. EVIDENCE—EXCLAMATIONS OF PAIN—PERSONAL INJURIES.

Natural exclamations of pain made by plaintiff 30 minutes after her injury were competent, unless they amounted to narrations of past conditions.[1]

4. SAME—PHOTOGRAPHS.

When they are properly identified and their accuracy is proved, photographs of the place of injury are admissible, but pictures obtained after the accident should not be introduced without pointing out to the jury any changes that have occurred; the determination usually is of a discretionary nature, and rests with the trial judge.[2]

5. TRIAL—ARGUMENT—MISCONDUCT OF ATTORNEY.

Improper argument of plaintiff's attorney to the effect that no one would sustain plaintiff's injuries for any amount of money, where he withdrew his remark when defendant's attorney objected, was not so prejudicial as to require that the case be reversed.

6. SAME—CHARGE.

Nor will the court reverse the judgment because the trial judge omitted to instruct the jury as to the question of plaintiff's negligence, which he might properly have referred to, no request being made for such instructions.

Error to Wayne; Murfin, J.  Submitted April 11, 1912.  (Docket No. 18.)  Decided December 17, 1912.  Rehearing denied March 20, 1913.

Case by Nancy Pruner against the Detroit United Railway and the city of Detroit for personal injuries.  As to defendant city a verdict was directed by the court.  Judgment for plaintiff against the remaining defendant which brings error.  Affirmed.

[1] As to how near the main transaction declarations must be made in order to constitute part of the res gestæ, see note in 19 L. R. A. 733.

On the admissibility of expressions or statements of present pain made during sickness or subsequent to injury, see note in 24 L. R. A. (N. S.) 253.

[2] As to the use of photographs as evidence generally, see note in 35 L. R. A. 802; and as to the effect and conclusiveness of photographs introduced in evidence, see note in 15 L. R. A. (N. S.) 1162.

*Brennan, Donnelly & Van De Mark* and *Corliss, Leete & Joslyn* (*William G. Fitzpatrick*, of counsel), for appellant.

*Merriam, Yerkes & Simons*, for appellee.

KUHN, J. In July, 1909, the Michigan Central tracks in the city of Detroit were crossed on Baker street, which runs, approximately, east and west, by a bridge. The approach of the bridge, on the easterly end thereof, commences about 30 feet west of the westerly curb of Fourteenth street, which crosses Baker street. The incline from this point to the top of the bridge is about 120 feet. Across the north end of the bridge, from about the center of the easterly approach, there is a handrail, and immediately south of the rail is a plank walk about 6 feet wide for the full length of the easterly approach. Immediately south of the end of this plank walk, and at a distance varying from about 1½ to 2 inches at the lower, or extreme easterly, end of the approach, to about 6 inches at the top of the easterly approach, is the north rail of the north, or westbound, street car track of the defendant company. It is the claim of the plaintiff, supported by competent testimony, that on the 19th day of July, 1909, she was walking east on the Baker street bridge; that she had left the top of the bridge and was walking down the incline; that an open, single-truck Baker street car was coming up the incline at a fast rate as she was going down, and as the car passed the plaintiff it was jumping or teetering up and down to such an extent that the fender of the car hit the planks under her feet, tore them loose, threw her down and against the car, and seriously injured her. Plaintiff brought suit by declaration in the court below against the city of Detroit and the Detroit United Railway. On the trial, when the proofs were closed, the court directed a verdict in favor of the city of Detroit and submitted the case to the jury on the liability of the Detroit United Railway. The jury found a verdict in plaintiff's favor, and judgment was entered thereon. A motion

for a new trial was made and denied, and the case brought into this court by writ of error.

Error is alleged because of a misjoinder of defendants. The declaration contains a several count against the city of Detroit and one against the Detroit United Railway, respectively, and a joint count charging both defendants with joint negligence. It is well established in this State that an act wrongfully done by the joint agency or co-operation of several persons will render them liable jointly or severally. *Cuddy* v. *Horn,* 46 Mich. 596 (10 N. W. 32, 41 Am. Rep. 178); *Malmsten* v. *Railroad Co.,* 49 Mich. 94 (13 N. W. 373).

Circuit Court Rule 27 provides as follows:

"But in case an action is brought against two or more defendants, the plaintiff shall not be required to discontinue as to any of them, but the jury shall show by their verdict, or the court by its finding, in a trial by the court without a jury, which of them are and which of them are not liable to the plaintiff, and judgment shall be given accordingly."

It is urged that this rule applies only to actions *ex contractu,* and the case of *Durgin* v. *Smith,* 115 Mich. 239 (73 N. W. 361), is cited in support of this contention. This was an action in assumpsit, and the court held that in actions *ex contractu* Circuit Court Rule 27 applies. The court did not say that the rule does not apply to cases sounding in tort. In the rule itself no distinction is made between actions *ex contractu* and *ex delicto.* Section 196, 1 Comp. Laws, not only gives this court the power to formulate general rules to establish the practice of the circuit courts in civil suits *ex contractu,* as set forth in subdivision 8, but also, in subdivision 10, empowers the court—

"To provide the manner by which a discontinuance may be entered against parties improperly joined in any suit, and by which parties improperly omitted may be joined in the suit and brought in to answer thereto, if within the jurisdiction of the court."

Circuit Court Rule 27 is an application of the legislative grant as embodied in subdivision 10 of the section as well as subdivision 8.

The plaintiff's husband and another witness were allowed to testify, over objection, as to exclamations of pain made by the plaintiff at the time she was brought home, approximately 30 minutes after the injury. The general rule is well settled in this State that declarations of present suffering are admissible in evidence and are not objectionable so long as they do not amount to narrations of past conditions or sufferings. *Johnson* v. *McKee,* 27 Mich. 471; *Mayo* v. *Wright,* 63 Mich. 32 (29 N. W. 832); *Lacas* v. *Railway Co.,* 92 Mich. 412 (52 N. W. 745); *Girard* v. *City of Kalamazoo,* 92 Mich. 610 (52 N. W. 1021); *Burleson* v. *Village of Reading,* 110 Mich. 512 (68 N. W. 294); *McKormick* v. *City of West Bay City,* 110 Mich. 265 (68 N. W. 148); *Strudgeon* v. *Village of Sand Beach,* 107 Mich. 496 (65 N. W. 616). In the present case, the exclamations and complaints of the plaintiff in her home were made under circumstances which indicated that they were the natural and ordinary exclamations of pain made *ante litam motam.*

At the trial, eight photographic views of the scene of the accident were received in evidence over objection. The photographs were taken two or three days after the injury. The photographer who took them testified as to their accuracy, and sufficient testimony in support of them was offered to justify their admission. *Sterling* v. *City of Detroit,* 134 Mich. 22 (95 N. W. 986).

The objection made that five of them, Exhibits 2, 3, 5, 7, and 8, show cars going up the incline, none of which was the car that caused the injury, is not without difficulty. The record discloses that the car which it is claimed caused the injury was an open single-truck Baker car, No. 812. All the cars depicted in the photographs are of the same type of car. No claim is made that any of the cars depicted in the photographs is car No. 812, and the photo-

graphs clearly show this.  At the time they were offered in evidence, the court said:

" I think these photographs may be received for whatever they are worth.  There is no doubt about the right of counsel to argue to the jury the different contentions they make concerning them.  But I understand from this witness, who is a commercial photographer of several years' experience, according to his testimony, that they are correct representations, so far as the photographic art can make them, of the scene at the time he took them. We all of us know some of the peculiarities of photography, as already developed by counsel.  I think the photographs may be received for whatever they are worth."

In photographs there should be a substantial identity in the person, place, or thing photographed and that which the jury are to consider in the case.  It is difficult, and often impossible, to obtain a photograph of the scene of the accident at or about the time of the accident, but, having in mind the object sought, the assisting of the jury by knowledge of the locality to judge the conduct of the parties with reference to the issue raised, the only practical rule would seem to be that the changes must not be such as to destroy the substantial identity.  The changes should be carefully pointed out and brought to the jury's attention.  With these safeguards, the subject must be left largely to the discretion of the trial judge, and, while in the instant case the court might very properly in his charge have called the jury's attention more particularly to the changes, still we cannot say that his failure so to do was prejudicial error under the circumstances of this case.

During the argument, counsel for the plaintiff made an improper remark to the jury.  The following colloquy occurred between the court and counsel:

" *Mr. Yerkes:* Gentlemen, take this home to yourselves and think about it yourselves and put yourselves with the evidence on both sides and say who is to blame and who should pay for this woman's suffering.  Money cannot make her good, gentlemen.  You know it, and I know it.

None of us, for all the money the street railway has got, would stand in her place today.

" *Mr. Fitzpatrick:* Just a moment. I think I will have to interrupt counsel. I object to that argument as improper.

' *Mr. Yerkes:* If it is improper, I will consent that it be—

" *The Court:* You may have an exception.

" *Mr. Yerkes:* Then, gentlemen, don't pay any attention to it.

" *Mr. Fitzpatrick:* I ask your honor to rule upon it.

" *The Court:* No doubt about its being improper discussion. I did not make any further ruling because counsel admits its impropriety and withdraws it."

The improper statement made was withdrawn by counsel and corrected by the court. The conduct of counsel in making such an improper statement should not be approved, but the question as to whether it was reversible error was passed on by this court in *Wheeler* v. *Jenison,* 120 Mich. 422 (79 N. W. 643).

Exception is taken to the charge of the court, but a careful reading of the charge satisfies us that the case was submitted to the jury under proper instructions. It is claimed that the court erred in not instructing the jury as to the question of contributory negligence. No request was made to the court to make such charge, and it cannot now be urged upon appeal as a ground for reversal. It is a rule of very general application that, if instructions are correct as far as they go, it cannot be assigned as error that the court omitted to instruct on all points involved in the case, if the attention of the court has not been directed thereto by special requests for instructions on those points. 38 Cyc. p. 1693; *Rankin* v. *West,* 25 Mich. 195; *Crowell* v. *Truax,* 94 Mich. 585 (54 N. W. 384); *Little* v. *Williams,* 107 Mich. 652 (65 N. W. 568); *Record Publishing Co.* v. *Merwin,* 115 Mich. 10 (72 N. W. 998); *Hovey* v. *Telephone Co.,* 124 Mich. 607 (83 N. W. 600); *Miller* v. *Shumway,* 135 Mich. 654 (98 N. W. 385); *Hewitt* v. *Lumber Co.,* 136 Mich. 110 (98 N. W. 992); *Parkey* v. *Galloway,* 147 Mich. 693 (111 N. W. 348);

*Hammond* v. *Porter*, 150 Mich. 328 (114 N. W. 64);
*Stuart* v. *Holt*, 166 Mich. 549 (131 N. W. 1100).

We find no reversible error in the record, and the judgment of the court below is therefore affirmed.

MOORE, C. J., and STEERE, MCALVAY, BROOKE, STONE, and OSTRANDER, JJ., concurred.  BIRD, J., did not sit.