ELIZA DOTTON v. THE COMMON COUNCIL OF THE VILLAGE OF ALBION.

*Sidewalk injury—Notice of defects to municipal authorities*

A woman was injured by stumbling in a gap in the cross-walk while running for a neighbor, by night, in a case of sudden illness ; and she brought suit against the municipality for damages.  The walk had been out of order before and planks had occasionally been missing as if torn up in contempt of its dilapidated condition.  The place was within sight of the street commissioner's residence.  *Held* that there were facts to go to the jury on the question whether the municipal government did not have notice of the condition of the walk in time to repair it before the accident.

Notice of the unsafe condition of a public highway need not be express, to make the municipal government liable for accidents resulting

50 MICH.—9

| 50 | 129 |
| 80 | 662 |

| 50 | 129 |
| 95 | 234 |
| 96 | 550 |

| 50 | 129 |
| 102 | 156 |

| 50 | 129 |
| 147 | '306 |

therefrom ; it may be presumed from the existence of facts with which ignorance is incompatible ·unless failure to exercise reasonable official care is assumed.

Municipal liability for injuries arising from defects in the public ways is the same, so far as concerns innocent persons, whether the condition of the way is due to wear and decay or to the misconduct of individuals in tearing it up ; the obligation to repair speedily is the same.

Error to Calhoun.   (Hooker, J.)   Jan. 16.—Feb. 27.

CASE.   Plaintiff brings error.   Reversed.

*Rienzi Loud* for appellant, cited as similar cases :  *Winn v. Lowell* 1 Allen 177 ; *Mayor v. Sheffield* 4 Wall. 189 ; *Davenport v. Ruckman* 16 Abb. Pr. 341 : 37 N. Y. 568 ; *Serrot v. Omaha* 1 Dill. 312 ; *Howe v. Plainfield* 41 N. H. 135 ; *Reed v. Northfield* 13 Pick. 94 ; *Goodnough v. Oshkosh* 24 Wis. 549.

*A. M. Culver* for appellee.   A municipality is not liable for an injury following close upon the wilful act of some person in causing a defect in a way.  *Requa v. Rochester* 45 N. Y. 135.

GRAVES, C. J.   A member of the plaintiff's family was suddenly taken ill and she ran to call in a neighbor.   It was in the evening of the 15th of April, 1880, and about nine o'clock.   The night was quite dark, and as she was hastening on her errand she stepped down through a gap in the cross-walk where several planks were missing and was thrown down and injured.   She instituted this suit to recover damages.

The cause of action was laid in two counts ; but the fault imputed was to the effect substantially that the walk became broken and disordered and not reasonably safe, and that the defendants had notice thereof ; and, although they subsequently had reasonable time and opportunity to put the walk in proper condition, they yet failed in their duty therein and negligently allowed said condition to continue.

When the plaintiff closed her evidence and rested, the

court on the motion of defendants' counsel took the case from the jury and ordered a verdict for the defendants.

In making this ruling the court proceeded on the ground that there was no evidence that the opening into which the plaintiff stepped had been there even for an hour and no evidence that defendants had notice of its existence until the injury had occurred, and no evidence and no warrant for claiming that they were given the least time or opportunity between the happening of the displacement and the plaintiff's fall to remedy the defect.

We think this view was too narrow and that very material considerations were excluded by it. It made the whole case turn on the naked effect of the one derangement wholly isolated from all others, and from all reference to the admitted generally bad condition of the way. Had this particular occasion marked the first and only appearance of a gap and no other difficulty with the walk had previously existed, the conclusion of the circuit judge would have been correct. But it was not so, and the duty of the defendants and the right of the plaintiff could only be settled by attending to all the circumstances.

There was evidence that the walk had become seriously out of order and tottering several weeks prior to the plaintiff's injury and was liable thereby to be more or less out of place and unsafe through accident and also by design. It was shown that a day or two before her fall the plaintiff passed the place and that one plank was then missing; and there was evidence also that the same section which was open at the time she was injured had been opened several times previously, and the facts justified an inference that there was a close connection between these displacements and the intrinsically bad condition of the way, and it was not going far to consider that such of the derangements as were made purposely were most likely prompted by annoyance from the uncomfortable and treacherous condition of the walk; and however improper such acts were in themselves they were not improbably a rough mode of fault-finding and remonstrance, and it is not to be assumed that the

plank would have been put out of place at all, if the walk had been reasonably repaired.

If negligence had begotten lawlessness it was no reason for continuing the negligence or excusing it. If the defendants were chargeable with notice of the vicious state of the walk—if they knew or should have known that it was loose and untrustworthy and had been once or twice upset and was liable to further disturbance in that direction—it was their duty to proceed with reasonable celerity and make the necessary repairs or improvement and at the same time put the way in a proper state for use and remove those offensive conditions which were provoking or being made a pretext for disturbing it. The law required of the defendants, that having reasonable time and opportunity they should at all times keep this cross-walk in such state of repair as to be reasonably safe and convenient for public travel, and this duty was just as imperative in the case of defects originating in individual misconduct as in the case of defects resulting from wear or decay. In either case what is needed for the public safety and convenience is precisely the same, and all persons who have committed no fault and have exercised proper care may insist upon the obligation no matter by what means the objectionable condition has been brought about.

Did the defendants actually or presumably obtain notice that the walk was loose and out of order and that the occasion was being used for dangerously tampering with it, and was there reasonable time and opportunity thereafter to put it in proper condition before the accident? As already intimated this was the question, and the opinion entertained is that there was evidence upon it for the judgment of the jury.

It was not necessary that there should be express notice. If there existed a state of facts with which ignorance was not compatible except upon an assumption of failure to exercise reasonable official care, then there was sufficient ground for presuming notice. Besides the several circumstances which have been referred to and others which

appear in the record there is the further fact which stands unquestioned that the street commissioner actually resided in plain sight of this cross-walk.

It is not possible to say that the jury might not have found the evidence on the subject sufficient to necessitate a presumption of notice, and of notice at such a date as to have allowed ample time and opportunity for the execution of the necessary repairs. *Dewey v. Detroit* 15 Mich. 307; *Requa v. Rochester* 45 N. Y. 129; *Johnson v. Milwaukee* 46 Wis. 568; *Colley v. Inhabitants of Westbrook* 57 Me. 181; *Howe v. Plainfield* 41 N. H. 135; *Prindle v. Fletcher* 39 Vt. 255; *Manchester v. Hartford* 30 Conn. 118; *Donaldson v. City of Boston* 16 Gray 508; *O'Neill v. New Orleans* 30 La. Ann. 220.

The question of reasonable time and opportunity to make the repairs was intimately if not inseparably connected with the question of notice, and under the circumstances was also for the jury. *Druse v. Wheeler* 26 Mich. 189; *Hall v. City of Lowell* 10 Cush. 260.

The judgment must be reversed with costs and a new trial granted.

COOLEY and MARSTON, JJ. concurred