## SARAH CAMPBELL v. THE CITY OF KALAMAZOO.

*Negligence case—Pleading—Evidence—Sidewalks—Notice of defects to municipality charged with duty of keeping same in repair—Opening by counsel to jury.*

1. Objections to a declaration in a negligence case on the ground that it fails to point out the *exact* place of the accident should be taken by demurrer; and it is too late to raise them on the trial.

2. The declaration in a negligence case alleged that the sidewalk in front of certain premises, and upon which plaintiff fell and was injured, was out of repair; that the stringers were rotten; the planks loose; and the walk in an unsafe and dangerous condition. The exact place where plaintiff fell was not pointed out. The plaintiff's evidence fully supported these allegations,

and showed that the defects had existed for a year and upwards. And it is held that the evidence was competent as tending to show notice to the defendant of the condition of the walk, and its negligence in allowing it to remain in such a condition.

3. Act No. 264, Laws of 1887, providing for the recovery of damages for injuries caused by defective sidewalks, does not require that the municipality charged with keeping sidewalks in repair shall have *actual* notice or knowledge of the defects complained of; nor does it materially change the rule upon this subject laid down in construing the statute of 1879; citing *Dotton v. Village of Albion,* 50 Mich. 129 (57 Id. 575); *Moore v. Township of Kenockee,* 75 Id. 332.

4. Act No. 264, Laws of 1887, expressly charges cities with the duty of keeping their sidewalks in repair, and provides for raising what money may be needed for that purpose within certain limits. The liability of such cities for a failure to perform this duty is expressly declared, and it is immaterial whether, under the provisions of their charters, they would be held so liable or not.

5. It would be a very narrow rule which restricted the opening statement of counsel to the jury to facts which should prove to be admissible in evidence under the strict rules governing the admission of testimony.

So *held,* where, in a negligence case for injuries sustained by reason of a defective sidewalk, counsel were permitted to state that the plaintiff would show that the *entire* walk in front of a designated residence was out of repair, and, if permitted by the court, that a walk on another street, on the westerly side of the same premises, was in like condition.

Error to Kalamazoo. (Buck, J.) Argued April 25, 1890. Decided May 16, 1890.

Negligence case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*James H. Kinnane* and *Alfred J. Mills,* for appellant.
*Howard & Roos,* for plaintiff.

[The points of counsel are fully stated and discussed in the opinion, where the authorities are cited.—REPORTER.]

CAHILL, J. The plaintiff was injured by a fall upon a sidewalk on Kalamazoo avenue, in the city of Kalamazoo, on May 21, 1889. The injury was caused by the plaintiff's stepping on a loose board, which flew up and tripped her. She claims to have been permanently injured, and on the trial secured a verdict and judgment for $3,200. The city brings error.

The first assignment of error relates to remarks made by counsel for plaintiff in his opening address to the jury. The error alleged is that counsel stated to the jury that he should offer to show upon the trial that the sidewalk in front of Mr. Stone's premises, where the accident occurred, had been out of repair for four or five years; also to the following remark of counsel:

"We will show you that the whole walk along in front of Mr. Stone's house, and, if the court will permit us, we will show that the walk around on Elm street, on the westerly side of his premises, were in the same condition."

This statement was objected to by counsel for defendant upon the ground that it would not be competent for plaintiff to introduce such proof. The court declined to interrupt counsel at that time, saying that the objection might be overruled for the present, and defendant's counsel excepted. When proof came to be offered on this subject, the court, after much discussion, said:

"I think that proof as to the condition of the walk on Elm street should be excluded, and I think the party may show the condition of the walk on Kalamazoo avenue, in front of the premises of F. S. Stone, for a period of a year or thereabout before this injury occurred," to which defendant excepted.

It is now alleged that the defendant was prejudiced by the remarks of the counsel made at the opening, because of his statement that he should prove the condition of the walk on Elm street, and also for four or five years

preceding the accident, and that such injury was not cured by the refusal of the circuit judge to permit such proof to be made. This Court has had occasion in several cases to comment upon the latitude which counsel may take in their opening argument to the jury. In *Porter v. Throop*, 47 Mich. 313, it was said that an opening argument to the jury might be so unfair in its statement of facts, and so well calculated to prejudice the jury, as to justify setting aside a verdict obtained by the party making it; but it was said that a judgment would not be reversed for an unfair opening except in a very plain case. It is clear that some latitude must be allowed to counsel who are conducting a case in making their opening statement. It is their duty to make a full and clear statement of the facts which they expect to prove. It would be a very narrow rule which restricted them to a statement of such facts as should turn out to be admissible under the strict rules governing the admission of testimony. The statement of counsel amounts to little more than an offer to prove certain facts. We should need to be satisfied that the offer was not made in good faith before we reversed a case on that ground.

In *Scripps v. Reilly*, 35 Mich. 371, counsel for plaintiff was allowed to read in his opening to the jury certain articles which had appeared at different times in defendant's newspaper, for the purpose of showing malice. Some of these, when offered, were excluded, and others were not offered at all. In his charge the court warned the jury against the articles read by counsel in his opening which the court had excluded, but said nothing about the others which had been read, but had not been offered. This was held to have been error. This case does not come within the mischief there pointed out. We think the refusal of the circuit judge to stop plaintiff's counsel

in his opening argument was not an abuse of the discretion which is necessarily vested in a trial court.

The next ground of error relates to evidence which was admitted to show the condition of the walk in front of Mr. Stone's premises. The defendant claimed that proof should have been confined to showing the condition of the particular place where the accident occurred. The plaintiff's declaration charges the negligence of the defendant in that it wrongfully and negligently allowed said sidewalk, and particularly—

"That portion of said sidewalk adjacent to the premises of F. S. Stone, to become and remain out of repair, torn up, and the planks thereupon to become and remain loosened, and the stringers thereof to become decayed and rotten, and the planks thereon to become rotten, and the nails therein rusted and broken, and generally to become and remain in an unsafe and dangerous condition, for a long time, to wit, for a space of' three months or thereabout immediately prior to May 21, 1889, of all of which said defendant had due notice and knowledge."

The declaration further charges that, by reason of such sidewalk being in such unsafe and dangerous condition, torn up, and out of repair, as aforesaid, the plaintiff stumbled, fell, and was suddenly thrown down, and received serious injuries. It will be seen by this extract from the declaration that the negligence of the defendant was alleged to consist in the fact that the entire sidewalk in front of the premises in question was old and out of repair, and no attempt was made in the declaration to point out the specific defect which was claimed to have caused the injury. If the declaration had been demurred to, it is possible that it might have been held that it was not specific enough in this respect. But this was not done. Objections to the declaration on the ground that it did not point out the exact place of the accident with sufficient particularity should have been taken by demurrer. It is too late to take them on the

trial. *Jackson v. Collins*, 39 Mich. 557; *Wilcox v. Railroad Co.*, 43 Id. 584 (5 N. W. Rep. 1003); *Pettibone v. Maclem*, 45 Id. 381 (8 N. W. Rep. 84); *Bauman v. Bean*, 57 Id. 1 (23 N. W. Rep. 45); *Geveke v. Railroad Co.*, Id. 589 (24 N. W. Rep. 675). We are not called upon to say on this record that the declaration was not as specific in this respect as the circumstances of the case would admit. When an entire piece of sidewalk in front of a particular lot is out of repair, and, by reason of its age and decayed condition, is no longer safe or fit for use, it might be difficult, where many planks are loose and decayed, for a plaintiff to point out the particular one over which she stumbled and fell. The evidence offered by the plaintiff supported the declaration upon this point, and was not disputed. It appeared without controversy that the walk in question was generally out of repair; that the stringers were rotten, so that the nails would not hold; that the boards which were laid crosswise would, many of them, fly up when stepped upon; and this condition was shown to have existed for a year and upwards. We think such testimony was competent for two purposes:

1. It showed the negligence of the defendant as charged in the declaration.

2. It tended to show notice to the defendant of the condition of the walk. *Armstrong v. Town of Ackley*, 71 Iowa, 76 (32 N. W. Rep. 180); *Noyes v. Gardner*, 147 Mass. 505 (18 N. E. Rep. 423).

It is urged that the admission of this testimony was erroneous within the rules laid down by this Court in *Dundas v. City of Lansing*, 75 Mich. 499, and in *Tice v. Bay City*, 78 Id. 209. But we think the case is easily distinguished. In the *Lansing Case* the defect pointed out in the declaration was a broken plank over a culvert, leaving a hole 6 to 8 inches wide, and 18 inches long. This was the particular defect complained of. The plaintiff introduced evidence tending to show the con-

dition of the walk for a block or more each way from this particular defect. In the *Bay City Case* the defect complained of was a particular hole large enough to admit the plaintiff's foot. Evidence was offered by the plaintiff of other similar holes in the walk, but at points in no way connected with the place of the accident. In both these cases the particular defect which caused the accident was clearly pointed out in the declaration, and no other negligence was relied on. It was held that proof must be confined to the existence of the defect complained of. The declaration in this case, as we have seen, is different. The negligence of the city is more broadly charged, and we do not think it was error to allow the negligence to be proved as laid.

The defendant asked the court to instruct the jury that under the act of 1887, upon which this case was based, the plaintiff must show that the city had actual notice or knowledge of the defect complained of. In this the defendant's counsel were in error. We held in *Moore v. Township of Kenockee*, 75 Mich. 332, that when it is generally known that a bridge has become decrepit, or when it has stood so long that there is much suspicion of it, the officers of the township may not disregard the warning conveyed to take action on the ground of having no actual notice of the dangerous infirmity. In *Dundas v. City of Lansing, supra,* it was held that testimony tending to show that the defect in the cross-walk was in plain sight, and obvious to any person passing along the street, and that it had existed for six months, justified the jury in finding that the city had notice of the defect and dangerous condition of the cross-walk. We do not think the statute of 1887 materially changes the rule upon this subject from what we had held it to be under the statute of 1879. The liability of a municipal corporation for negligence has never been held to exist

without proof or knowledge of notice of the defect. In such case, the basis of the action being negligence, notice of the defect which caused the injury, or of facts from which notice may reasonably be inferred, has always been held essential to liability. 2 Dill. Mun. Corp. § 1024; *Dotton v. Village of Albion,* 50 Mich. 129.

A distinction was urged upon us at the argument by counsel for defendant between this case and those arising in other cities which have been before us. The supposed distinction is based upon the provisions of the defendant's charter. From these provisions, it is urged that the city of Kalamazoo is not charged with the duty of repairing, or keeping in repair, the sidewalks within its limits, and that it has no authority to raise a tax therefor, or pay out any money for that purpose. We do not find it necessary to construe the charter of the city of Kalamazoo in determining its liability to this action. Whether, under the provisions of its charter, it would be liable or not, is immaterial. The act of 1887, under which this action is brought, expressly puts upon the defendant, with other cities, the duty of keeping its sidewalks in repair. Provision is made for raising what money may be needed for that purpose within certain limits, and the liability of the city for a failure to perform this duty is expressly declared. This act has been held constitutional in all of its material provisions, and must govern this case.

Some other questions are raised on the record, which we have examined, but we do not need to discuss them.

The judgment is affirmed, with costs.

The other Justices concurred.