FAGIN v. BENTON HARBOR-ST. JOE RAILWAY & LIGHT CO.

1. NEGLIGENCE — PERSONAL INJURIES — EVIDENCE — SUFFICIENCY—
QUESTION FOR JURY.

In an action for personal injuries received by plaintiff by
coming in contact with a live wire while passing under
same upon the public resort grounds of defendant, evi-
dence as to the height of the sagging wire, held, sufficient
to carry to the jury the question of defendant's negligence.

2. SAME—CONSTRUCTIVE NOTICE — INFERENCE — EVIDENCE — SUFFI-
CIENCY—QUESTION FOR JURY.

Where there was testimony that the wire had been within
five or six feet of the ground for several days preceding
the accident, the trial court properly submitted to the jury
the question as to whether it had remained there long
enough to justify an inference of constructive notice to
defendant, of which it disclaimed actual notice.

3. SAME—CONTRIBUTORY NEGLIGENCE—CONTROVERTED TESTIMONY—
QUESTION FOR JURY.

Where the testimony on the part of defendant that plaintiff
jumped and grabbed the wire was controverted by plaintiff
and his witnesses, the question of plaintiff's contributory
negligence therefor was a question of fact for the jury.

4. SAME—FAILURE TO NOTICE WIRE OVERHEAD.

It cannot be said, as a matter of law, that plaintiff was
guilty of contributory negligence because he failed to ob-
serve the wire which was above his head.

5. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—CUMULATIVE EVI-
DENCE.

Where claimed newly-discovered evidence was cumulative
merely and sufficient diligence to discover it before the
trial was not shown, the trial court properly refused a
new trial therefor.

Error to Berrien; White (Charles E.), J. Sub-
mitted October 6, 1920. (Docket No. 32.) Decided
December 21, 1920.

On duty of electric company to prevent contact of wires carry-
ing electric current, see note in 52 L. R. A. (N. S.) 587.

Case by Arthur Fagin against the Benton Harbor-St. Joe Railway & Light Company for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*John J. Sterling* and *Humphrey S. Gray*, for appellant.

*Cady & Andrews* (*Mordecai Shulman*, of counsel), for appellee.

BIRD, J. Plaintiff recovered judgment in the Berrien circuit court for personal injuries incurred while passing under an electric wire at Revinia Springs Park, a summer resort, near Benton Harbor. Defendant reviews the proceedings in this court and its chief contentions are:

(1) That no actionable negligence on the part of the defendant was shown.

(2) That plaintiff was guilty of contributory negligence.

(3) That a new trial should have been granted principally on the ground of newly-discovered evidence.

The testimony discloses that the resort grounds were lighted by electricity; that the resort had its own system of wires and these wires were fed by two feed wires, each carrying 220 volts, which defendant had brought up to the grounds and connected with the resort system. The testimony further discloses that the plaintiff and three companions came over on the boat from Chicago to this resort to spend the Fourth of July, in the year 1918; that upon their arrival they went to the resort and were assigned a cottage for their use during their stay. After spending the day in and about the resort they left their cottage, between 6 and 7 o'clock in the evening, intending to go to a restaurant located a short distance away. In doing so their way took them under one of the feed wires

referred to. As plaintiff was passing under it he claims he threw up his hand to shoo away some mosquitoes that were gathering about his head, and his hand came in contact with a feed wire, and that by reason of the lack of proper insulation thereon his hand adhered to it. In an attempt to release it with the other hand both became attached. Calls for help by his companions soon brought the manager of the resort, who freed plaintiff's hands by striking the wire with a broom stick. As a result of the contact plaintiff's head, face, body and hands were severely burned, two fingers were amputated and two rendered useless.

The negligence charged by plaintiff was the failure of the defendant to properly insulate the wire, and also in permitting it to sag so that persons having occasion to pass thereunder were liable to come in contact with it. The defendant denied that the wire was low enough to interfere with one walking thereunder, but contended that if it were as low as claimed by plaintiff it was due to the fact that the pin which held the wire to the cross arm had been broken by boys playing ball on the day of the accident, thereby permitting the wire to drop down and become suspended from the transformer which was located on the pole about five feet below the cross arm, all of which the defendant had no notice of previous to the accident.

1. Defendant's Negligence. There is no controversy over the proposition that if the feed wire were hanging so low on the day in question that persons might come in contact with it, and defendant had either actual or constructive notice thereof, it would be liable in the present action, but the differences between the parties arise over what the testimony shows about the height of the wire above the ground. The defendant insists that the testimony, when analyzed, does not disclose a case for the jury. We are unable to agree with defendant in its contention. After re-

viewing all the evidence on the subject of defendant's negligence, we are inclined to the opinion that the question was one of fact. The testimony of plaintiff and his three companions, supplemented by the testimony of the witnesses Weinberg, who had been stopping at the resort for several days and had observed the sagging wire, was sufficient to carry the question to the jury.

But counsel argue that conceding the wire was as low as claimed there was no testimony showing the defendant had notice of its position. The court submitted this question to the jury and instructed them that if defendant had either actual or constructive notice that the wire was in that position, it would be guilty of negligence if it failed to remedy it within a reasonable time thereafter. The testimony of at least two witnesses was that the wire had been between 5 and 6 feet from the ground for several days preceding the accident. Whether the wire had remained in this position long enough to justify an inference of constructive notice to defendant was a question which the court submitted to the jury, and we think properly so.

2. Plaintiff's Contributory Negligence. Defendant's contention on this question is based principally upon the testimony of one witness, who says that as plaintiff passed under the wire he gave a jump and grabbed it with his hand. There is some testimony corroborating this claim. On the other hand, it was strenuously denied by plaintiff and his three companions, and by others who had an opportunity of observing him at the time. It is conceded by the parties, and the court charged the jury, that if plaintiff jumped and grabbed the wire, knowing, as he did, that it was dangerous, he would be guilty of contributory negligence, as a matter of law. This instruction was proper, but before the rule of law could be applied it would be necessary to determine, as a question of fact,

whether he did jump and catch the wire, as claimed. Upon this question the testimony was very conflicting. We think the trial court was right in treating it as a question of fact.

It is further argued in this connection that plaintiff should have seen the wire and avoided it if it were in the position claimed by him, because it was yet daylight and within plain view, and his failure in this respect was contributory negligence, as a matter of law. Counsel seek to support this argument by the conclusions of this court in *Ramsay* v. *C. K. Eddy & Sons*, 123 Mich. 158, and *Larned* v. *Vanderlinde*, 165 Mich. 464. These cases do involve the question of lack of attention, on the part of plaintiffs, to objects in their pathway, but in both of them the danger lay directly in front of them and not above their heads. It is not unusual for wires to be strung in such places, but they are usually high enough so as not to interfere with pedestrians. Pedestrians are so infrequently interfered with by objects suspended over their heads that we ought not to say, as a matter of law, that plaintiff was guilty of contributory negligence because he failed to observe the wire.

3. The ground most relied upon by defendant in support of its application for a new trial was newly-discovered evidence. This consisted of additional testimony bearing on the position of the wire and the conduct of plaintiff at and immediately before the time of the accident. The trial court reached the conclusion, and we concur in it, that the newly-discovered evidence was merely cumulative and that sufficient diligence to discover it before trial had not been shown to entitle defendant to a retrial.

We are also of the opinion that the other grounds assigned for a retrial are without merit.

The judgment of the trial court is affirmed.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.