# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 21, 2010

139294

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SHERI SCHOOLEY,
        Plaintiff-Appellee,

v

CONSOLIDATED ROADHOUSE OF
TAYLOR, LLC, d/b/a TEXAS ROADHOUSE,
        Defendant-Appellant.

SC: 139294
COA: 291284
Wayne CC: 08-106910-NO

_____/

On order of the Court, the application for leave to appeal the June 18, 2009 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should now be reviewed by this Court.

KELLY, C.J. (*concurring*).

I concur with the order denying defendant's application for leave to appeal. The deposition testimony of defendant's general manager established that, before plaintiff was injured, defendant had actual notice that its toilet paper dispensers at times were not properly latched. I agree with the trial court that a reasonable jury could conclude that defendant should have discovered that this defect was dangerous and posed an unreasonable risk of harm.[1] The fact that an unlatched dispenser in the restaurant may not have caused injuries in the past is not dispositive.[2]

I also disagree with Justice MARKMAN'S conclusion that "defendant fulfilled its duty to inspect the premises for this 'hazard' at regular 15-30 minute intervals." The

---

[1] "Constructive notice may arise not only from the passage of time itself, but also from the type of condition involved, or from a combination of the two elements." *Banks v Exxon Mobil Corp*, 477 Mich 983, 983-984 (2007), citing *Kroll v Katz*, 374 Mich 364, 372 (1965).

[2] "[I]t would not be competent to prove an absence of accidents as tending to show an absence of negligence." *Larned v Vanderlinde*, 165 Mich 464, 468 (1911).

general manager specifically testified that checking whether the dispensers were in the "locked" position was not part of defendant's routine restroom inspections. Thus, its inspections would not have satisfied its duty to inspect the dispensers and warn patrons of the danger they posed.

It is certainly possible to conclude, as Justice MARKMAN does, that this case involves a "fluke" accident. However it is equally possible that a trier of fact could reasonably conclude that defendant should have discovered the defect and its dangerous character. Hence, I agree that the trial court properly denied defendant's motion for summary disposition and concur with the order denying defendant's application for leave to appeal.

MARKMAN, J. (*dissenting*).

I dissent from this Court's denial of leave to appeal because plaintiff, in my judgment, has not set forth sufficient evidence to sustain her premises liability action. Specifically, she has not shown that an ordinary toilet-paper dispenser constitutes a "dangerous condition" causing "an unreasonable risk of harm," *Lugo v Ameritech Corp*, 464 Mich 512, 516 (2001), or that defendant did not fulfill its duty to inspect its premises and warn its patrons of any such dangerous condition. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596-597 (2000). Accordingly, I would reverse the trial court's denial of defendant's summary disposition motion.

Plaintiff was a patron of a Texas Roadhouse restaurant owned and operated by defendant, where she alleges that, while she was using the restroom, a plastic toilet-paper dispenser fell open onto her, causing a broken hand. After the incident, she returned to her table and finished her dinner, and subsequently returned to the restaurant on several occasions before filing suit nearly a year later. Her complaint alleges that defendant was negligent in failing to maintain the premises in a manner fit for intended use; failing to warn plaintiff of the danger posed by the defective dispenser; and failing to adequately inspect the premises for dangerous conditions.

The trial court denied defendant's motion for summary disposition, in which Texas Roadhouse argued that it had received no notice of any defects concerning the toilet-paper dispensers and that bathrooms were regularly inspected at 15-30 minute intervals, and the Court of Appeals denied defendant's application for immediate review.

I agree with Judge MURRAY, who would have granted leave to appeal in the Court of Appeals, that no evidence was presented here that defendant knew that an unreasonable risk of harm created by a dangerous condition existed on the premises. A premises owner "owes a duty to an invitee to exercise reasonable care to protect the

invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo,* 464 Mich at 516. This duty "requires the landowner to inspect the premises and, depending upon the circumstances, make any necessary repairs or warn of any *discovered* hazards." *Stitt,* 462 Mich at 597 (emphasis added). The duty arises when the landowner has actual or constructive notice of the condition. *Bertrand v Alan Ford, Inc,* 449 Mich 606, 609 (1995).

Defendant's general manager testified that in his twenty years of restaurant experience he had never heard of anyone injuring herself by a toilet-paper dispenser. While there was also testimony that, once every three to four years, a dispenser is found in an unlocked position, this does not establish that defendant had notice that an open dispenser constituted a "dangerous condition" presenting an "unreasonable risk of harm." The Chief Justice contends that a reasonable jury could find that defendant "should have discovered" that this defect was both "dangerous" and posed an "unreasonable risk of harm." However, she does not indicate *how* a business or premisesowner is to discover such a "danger." Past experience had not led to this discovery, and neither had the exercise of reasonable diligence and common sense. Even assuming this to be a "dangerous condition," defendant fulfilled its duty to inspect the premises for this "hazard" at regular 15-30 minute intervals. Thus, as to its duty to warn, how could defendant warn plaintiff of anything when it had discovered no hazard?

The trial court's ruling requires a business to do the impossible—to predict that a customer might injure herself in a fluke accident caused by an object such as a toilet-paper dispenser, and then warn customers of such a "hazard" despite the fact that its reasonable inspection efforts have disclosed no hazard at all. In sustaining this decision, it is hard to interpret the actions of the majority as anything other than a step toward the imposition of strict liability upon businesses or premises owners for accidents occurring upon their property. The law of this state has never imposed such an unreasonable obligation.

CORRIGAN and YOUNG, JJ., join the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 21, 2010

Clerk

p0518